In the Matter of the Compensation of
Annette Preston, Claimant.

## PRESTON,
*Petitioner,*

*v.*

## WONDER BREAD et al,
*Respondents.*

(WCB 87-13133; CA A49098)

773 P2d 805

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Allen W. Lyons, Portland, argued the cause for respondents. With him on the brief was Lyons & Scheminske, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Claimant seeks review of an order of the Workers' Compensation Board that reversed the referee and upheld insurer's denial of her occupational disease claim. We review for substantial evidence and errors of law and remand for reconsideration. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988).

The Board found that claimant began working as a bakery worker for Wonder Bread in 1979. Since 1984, she had worked as a wrapper, which involved stacking buns on pallets and racks as they came off conveyor belts. Claimant also assisted in loading the ovens and cleaning equipment with an air hose. Her work exposed her to airborne flour dust. In mid-1983, she began experiencing hoarseness, frequent throat clearing, coughing, occasional loss of voice, excessive tearing of the right eye and nasal congestion and discharge. She filed an occupational disease claim in March, 1987. Allergy testing in May, 1987, revealed that claimant was highly allergic to many common inhalant allergens and also to numerous grains. The Board found that

> "claimant's exposure to flour dust in the course of her employment contributed more to the production of her eye, nose and throat symptoms than all other potentially contributing exposures combined."

Those findings are all supported by substantial evidence in the record.

The Board also "found" that claimant's symptoms were "due to" an atopic diathesis, which the Board defined as "a hereditary *predisposition* to react to certain allergens, including the substances to which claimant was exposed at work." (Emphasis supplied.) The Board concluded that "sensitivity to substances found in flour dust" was claimant's "disease" and that the allergic reactions claimant experienced were merely symptoms that did not demonstrate the worsening of her underlying condition necessary for a finding of compensability. *Weller v. Union Carbide Corp.*, 288 Or 27, 602 P2d 259 (1980).

The Board erred as a matter of law, because it applied its findings to the wrong standard by labeling a "predisposition" as the "condition" at issue. That is, its conclusion that

claimant's atopic diathesis is the disease or preexisting condition on which a compensation determination should be based is inconsistent with its definition of atopic diathesis as a *predisposition* to react to certain allergens. A predisposition is a "condition of special *susceptibility* to a disease" (emphasis supplied), not a disease in and of itself. *Stedman's Medical Dictionary* 1133 (23rd ed 1976). Therefore, the Board erred in concluding that claimant's predisposition is the condition to be evaluated.

The record indicates that the condition for which claimant sought compensation was "allergic rhinitis." Subsequent medical evaluations repeated that diagnosis. If, on remand, the Board finds that allergic rhinitis is the condition to be evaluated and that claimant's "eye, nose and throat symptoms" are consistent with that condition, the Board's finding that the major contributing cause of these symptoms is the work environment compels the conclusion that claimant's condition is compensable.

Reversed and remanded for reconsideration.