In the Matter of the Compensation of
John W. Cross, Claimant.

## LIBERTY NORTHWEST INSURANCE CORP.
and Anodizing, Inc.,
*Petitioners,*

*v.*

John W. CROSS,
Columbia Steel Casting, SAIF Corporation
and Convoy Company,
*Respondents.*

(WCB 88-21374, 88-21281, 88-17850; CA A67592)

817 P2d 1350

Stafford J. Hazelett, Portland, argued the cause for petitioners. With him on the brief was Davis and Bostwick, Portland.

Eileen G. Simpson, Eugene, argued the cause for respondent John W. Cross. With her on the brief was Peter O. Hansen, Portland.

Thomas E. Ewing, Assistant Attorney General, and Dave Frohnmayer, Attorney General, Salem, waived appearance for respondents Columbia Steel and SAIF Corporation.

No appearance by respondent Convoy Company.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

Joseph, C. J., dissenting.

**WARREN, P. J.**

Employer[1] seeks review of the Workers' Compensation Board's order that held that claimant has a compensable occupational disease. ORS 656.802(1)(a). We affirm.

Claimant began working for employer as a welder in the summer of 1987. On the job, he was exposed to several respiratory irritants common in welding, as well as to additional irritants from working with aluminum, such as sulfuric acid, nitric acid, sodium hydroxide and copper dust. After three or four months, he began having respiratory problems, including coughing and shortness of breath. He quit his job on the advice of his doctor in June, 1988, and his symptoms vanished. Claimant had smoked for more than ten years.

The Board found that claimant had a predisposition to respiratory irritant reactions, which was activated when he came to work for employer. It concluded that claimant's irritant reaction was a disease and that the major contributing cause was his work environment.

■■ Employer argues that there is no medical evidence that claimant had a predisposition to the disease. Employer is correct. It fails to explain, however, how that finding affects the result. *See* ORS 183.482(8)(c). Employer does not argue that claimant had a pre-existing condition, so the applicable test is whether the work activities were the major contributing cause of the disease. *Blakely v. SAIF,* 89 Or App 653, 750 P2d 528, *rev den* 305 Or 672 (1988). The Board's finding on predisposition was irrelevant to that test and may be disregarded. *See Preston v. Wonder Bread,* 96 Or App 613, 773 P2d 805, *rev den* 308 Or 405 (1989).

■ Employer argues next that the Board lacked substantial evidence for its finding that claimant's work activities were the major contributing cause of his irritant reaction. ORS 183.482(8)(c). Dr. Montanaro stated in his report that "it is likely that [claimant's] occupational exposures at [employer's workplace] resulted in significant respiratory irritant effects." Employer contends that Montanaro's report

---

[1] We refer to Anodizing, Inc., as employer. Columbia Steel Casting waived appearance in this review. The referee dismissed the claim against Convoy Company.

is insufficient, because the doctor does not state how big a role the work activities played in causing the disease and disability. We do not require that medical evidence consist of a specific incantation or that it mimic the statutory language. The Board could infer from Montanaro's statement and the entire report that claimant's work activities were the major contributing cause of his irritant reaction and disability.

■     Finally, employer contends that the referee's analysis was erroneous. We review only the Board's order. ORS 656.298(6); ORS 183.482(8). Although the Board affirmed and adopted the referee's order, it also made its own independent analysis, which replaced the referee's analysis. Therefore, we need not consider the referee's analysis.

Affirmed.

**JOSEPH, C. J.,** dissenting.

The majority's holding depends on a partial quotation of Dr. Montanaro's report. 109 Or App at 111. The majority's excerpt is misleading. What Montanaro said that is relevant to the issue is:

"3.     I do not find any evidence in the medical record that would indicate any significant preexisting conditions other than [claimant's] chronic cigarette smoking prior to his employment with Anodizing, Inc.

"3a.    I feel that it is likely that [claimant's] occupational exposures at Anodizing, Inc. resulted in significant respiratory irritant effects. I feel that any irritant effects which may have occurred throughout 1987-1988 have long since resolved. As I have pointed out, I do not feel that the nature and extent of [claimant's] irritant exposures were such that they could explain persistent symptoms or a possible reactive airwaves dysfunction syndrome.

"4.     I do not feel that his employment with Anodizing, Inc. or his work activities at that time were the major contributing cause of his current condition. I do feel that they contributed to respiratory irritant *symptoms* at that time which may have resulted in intermittent time loss." (Emphasis supplied.)

In the light of that language, the majority's conclusion cannot stand, for there is no evidence in the record that

claimant's work activities were the major cause of "the disease," because he does not have a disease.

    I dissent.