In the Matter of the Compensation of
Howard L. Burtis, Claimant.

## U-HAUL OF OREGON,
*Petitioner,*

*v.*

## Howard L. BURTIS,
*Respondent.*

(90-19778; CA A71433)

852 P2d 897

Jerald P. Keene, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Kevin N. Keaney, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of an order of the Workers' Compensation Board holding that claimant's compensable injury was the major contributing cause of his disability and need for treatment, including surgery. Employer argues that the Board misapplied ORS 656.005(7)(a)(B) or, in the alternative, that its findings are not supported by substantial evidence. We affirm.

Claimant has worked for 29 years as a mechanic and repairman for employer. For approximately four hours each day, he works lying down on a creeper underneath trailers with his neck hyperextended. For the remainder of the workday, his job requires him to stand and look up at the trailers. In both positions, his neck is unsupported. Claimant experienced minor neck pain beginning in 1987. In March, 1989, he sought medical attention for his neck pain and, in December, 1989, he was diagnosed as having a chronic cervical strain. Employer accepted that claim as an injury. Claimant began treatment with Dr. Wayson, a neurosurgeon, who diagnosed chronic neck strain superimposed on a degenerative cervical spine disease. Claimant then underwent several independent medical examinations (IME). The results of the first IME confirmed Wayson's diagnosis. The doctors who conducted that IME stated:

> "The principal question of course is the relationship of his job activity to his condition. It is significant to us that when he is physically quiet over the weekend, he has no symptoms at all in his neck until he resumes his work activity on Monday and then he has symptoms through the remainder of the work week until he can become inactive again. His work therefore seems to be providing [sic] him aggravating factors to his underlying condition.

> "* * * * *

> "The medical treatment that he has received recently appears to be directly related to symptoms brought on by his employment and if and when surgery becomes necessary, it will probably be because of symptoms brought on by his work activity.

> "* * * * *

"We would like to comment however that we do not feel that the limitations of motion in the neck can all be attributed to his work, but instead are more than 50% the result of his naturally occurring degenerative cervical spine changes."

One of the doctors who performed the IME later explained:

"[Claimant's] cervical osteoarthritis and degenerative cervical spine disease is old and not caused by his employment or any injury on the job.

"[Claimant's] work did not cause any aggravation to the underlying condition of degenerative cervical spine disease. However, his work was responsible for symptoms in the neck due to positions that he might assume at work as well as the muscular effort exerted at work."

Claimant's second IME also resulted in the diagnosis of a chronic cervical strain superimposed on a preexisting degenerative disc disease. The medical examiners stated:

"[Claimant's] symptoms are related to his current employment * * *. His employment is responsible for uncovering his symptoms but his employment is not responsible for the degenerative disc disease and foraminal stenosis of his neck."

The referee determined:

"In this case, claimant's cervical strain has combined with claimant's preexisting (i.e. prior to claimant's December, 1989 compensable injury * * *) degenerative cervical spine disease to cause claimant's need for treatment. Both IME panels and Dr. Wayson all agree on this point. * * * Claimant's resultant condition is therefore his cervical strain superimposed on his degenerative cervical spine disease. This resultant condition is only compensable to the extent claimant's cervical strain is and remains the major contributing cause of claimant's need for treatment."

The referee concluded that claimant's compensable injury was the major contributing cause of his disability and need for treatment. The Board adopted the referee's opinion and order.

The pertinent statute here is ORS 656.005(7)(a)(B), which governs situations where a compensable injury combines with a preexisting disease to cause disability and the need for treatment. That statute provides:

"A 'compensable injury' is an accidental injury, * * * arising out of and in the course of employment requiring medical services or resulting in disability or death * * * subject to the following limitations:

"* * * * *

"(B)   If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

Subsection (B) requires the Board to determine whether claimant's compensable injury was the major contributing cause of his disability or need for treatment.[1] As noted above, the Board did determine that claimant's compensable injury was the major contributing cause of his disability and need for treatment.

■        Employer first argues that this case should have been analyzed by the Board as an occupational disease claim rather than as one for an industrial injury. We disagree. The claim was for an industrial injury and it was accepted as an injury. Claimant makes no assertion that this is a claim for an occupational disease. Under these circumstances, we see no reason why the Board should have treated it as an occupational disease claim.

■        Employer next argues that claimant's surgery is not compensable under ORS 656.005(7)(a)(B), because all the doctors agree that it is aimed at ameliorating his degenerative disc disease and not his cervical strain. The Board rejected that argument:

"The employer contends, in part, that claimant's current condition requiring treatment is not compensable because that treatment is directed solely to claimant's preexisting degenerative condition. However, pursuant to ORS 656.005 (7)(a)(B), the test does not turn upon whether the treatment is separately directed to either the 'compensable injury' or the preexisting condition. Instead, the resulting condition (cervical strain superimposed upon degenerative cervical

---

[1] In contrast to *Tektronix, Inc. v. Nazari*, 117 Or App 409, 844 P2d 258 (1992), here, there is no dispute that the chronic neck strain is a compensable injury.

> spine disease) is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment. We agree with the Referee that the medical evidence establishes that claimant's accepted cervical strain is and remains the major contributing cause of his disability and need for treatment."

We agree with the Board's reasoning. The medical evidence establishes that claimant's cervical strain made his degenerative disc disease symptomatic, resulting in the need for the surgery.

■■ Finally, employer contends that the Board's decision is not supported by substantial evidence, because the medical evidence establishes only that claimant's work activities, not his accepted injury, caused his degenerative disc disease to be symptomatic. According to employer, there was no medical evidence linking claimant's compensable injury (cervical strain) to his disability or need for treatment.

However, as explained in the referee's order:

> "Both IME panels conclude that claimant's symptoms, i.e., his need for treatment, are the result of claimant's work activities. *Claimant's accepted cervical strain is what required claimant to seek treatment.* Since this is the only portion of claimant's resultant condition causing a need for treatment, * * * both panels are, in effect, saying that claimant's accepted cervical strain is more than the major contributing cause of claimant's need for treatment." (Emphasis supplied.)

Medical opinions need not recite or mimic specific statutory language in order to provide substantial evidence to support the Board's decision. *Liberty Northwest Ins. Corp. v. Cross*, 109 Or App 109, 817 P2d 1350 (1991), *rev den* 312 Or 676 (1992). Here, there was evidence that claimant's accepted neck strain was caused by his work and that the neck strain continued to be a problem because he continued the same work activities. From the medical evidence, the Board concluded that claimant's cervical strain, in combination with his degenerative disc disease, is exacerbated by his work activities and is the major contributing cause of his disability and need for treatment.

The Board's conclusion is supported by substantial evidence. All of the doctors who examined claimant diagnosed

his condition as chronic cervical strain *superimposed* on a degenerative disc disease. The doctors' reports state that claimant's cervical strain is directly related to his employment. As the Board noted, claimant first sought treatment because of his cervical strain. Prior to his injury, claimant's degenerative disc disease was asymptomatic and required no medical treatment. It was only after he suffered the cervical strain that he was unable to work and sought treatment.

Affirmed.