Argued and submitted July 15, affirmed December 30, 1992, respondent's petition
for reconsideration allowed by opinion June 2, 1993
See 120 Or App 590 (1993)

In the Matter of the Compensation of
Bahman M. Nazari, Claimant.

## TEKTRONIX, INC.,
*Petitioner,*

*v.*

## Bahman M. NAZARI,
*Respondent.*

## (90-11477; CA A72401)

844 P2d 258

Barbara A. Brainard, Portland, argued the cause for petitioner. With her on the brief was Stoel Rives Boley Jones & Grey, Portland.

Robert Wollheim, Portland, argued the cause for respondent. With him on the brief was Welch, Bruun & Green, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board setting aside its denial of claimant's low back injury claim. Although we agree with the Board's determination that the claim is compensable, we do not agree with its analysis and write to explain our understanding of the relevant statute.

■     Claimant has been diagnosed as suffering from mild degenerative disc disease and backaches associated with lifting at work. On April 4, 1990, he felt a sharp pain in his low back while lifting a stack of circuit boards at work. The next day, he was unable to perform certain work activities. He filed a claim with employer, which was denied. The Board treated claimant's condition as an injury, as opposed to an occupational disease. Employer contends that the Board erred in that determination. Because there is substantial evidence to support the Board's finding that there was a discrete event at work that triggered claimant's current disability, it did not err. However, that does not end the inquiry.

Employer contends that, under the provisions of ORS 656.005(7)(a), *as amended by* Or Laws 1990 (Spec Sess), ch 2, § 3, claimant's back condition is not compensable, because the disability and the need for treatment were caused, in *major* part, by claimant's preexisting degenerative disc disease, not by the April 4 incident at work. ORS 656.005(7)(a), as amended, provides, in part:

> "A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death*; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, *subject to the following limitations*:

> "(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

> "(B)   *If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major*

*contributing cause of the disability or need for treatment.*" (Emphasis supplied.)

■    The definition of the term "compensable injury," in particular the "arising out of" language, encompasses the concept of medical causation, *Rogers v. SAIF*, 289 Or 633, 641, 616 P2d 485 (1980), the test ordinarily being whether events at work were a *material* contributing cause of the injury. *See Olson v. State Ind. Acc. Com.*, 222 Or 407, 352 P2d 1096 (1960); *Destael v. Nicolai Co.*, 80 Or App 596, 723 P2d 348 (1986).

A majority of the Board, sitting *in banc*, reasoned that the term "compensable injury," as used in ORS 656.005(7)(a)(B), encompasses the *material* contributing cause test of medical causation. It limited the application of subparagraph (B) to claims in which it has been determined that the injury is "compensable," *i.e.*, that the work was a *material* contributing cause of the injury. It then reasoned that if, in the *processing* of a "compensable injury," it is determined that the compensable injury "combines with a preexisting disease or condition to cause or prolong disability or need for treatment," the resulting condition is compensable only to the extent that the compensable injury "is and remains the *major* contributing cause of the disability or need for treatment." (Emphasis supplied.)

■■    We do not believe that the legislature intended the two-step process adopted by the Board. If the Board were correct, an employer would be required to accept a claim for which no benefits are due. ORS 656.005(7)(a)(B) uses the term "compensable" to define what is compensable, creating a certain incongruity within that subparagraph. Read in its entirety, however, it is clear that the legislature intended ORS 656.005(7)(a) to define a compensable injury as an injury arising out of and in the course of the employment, subject to the two "limitations" stated in subparagraphs (A) and (B). When the injury for which compensation is sought is the consequence of a compensable injury, ORS 656.005 (7)(a)(A), the consequential injury is compensable *only if* the first injury is the *major* contributing cause of the consequential injury. *Albany General Hospital v. Gasperino*, 113 Or App 411, 833 P2d 1292 (1992). Likewise, under ORS 656.005(7)(a)(B), when a work-related injury combines with

a preexisting condition to cause disability or a need for treatment, the work-related injury is compensable *only if* it is the *major* contributing cause of the disability or need for treatment. Claimant's work-related injury combines with his preexisting degenerative condition and is compensable only if it is the major contributing cause of his disability and the need for treatment.

The Board found that claimant's injury is the major contributing cause of his disability and the need for treatment; accordingly, its incorrect analysis of the statute did not affect its result, if there is substantial evidence to support that finding. There is, and the Board did not err in concluding that the claim is compensable.

Affirmed.