On respondent's petition for reconsideration filed March 17, reconsideration allowed; opinion (117 Or App 409, 844 P2d 258) modified and adhered to as modified June 2, reconsideration denied August 18, petition for review denied November 2, 1993 (318 Or 27)

In the Matter of the Compensation of
Bahman M. Nazari, Claimant.

TEKTRONIX, INC.,
*Petitioner,*

*v.*

Bahman M. NAZARI,
*Respondent.*

(90-11477; CA A72401)

853 P2d 315

Robert Wollheim and Welch, Bruun, Green & Wollheim, Portland, for petition.

Deborah L. Sather and Stoel, Rives, Boley, Jones & Grey, Portland, *contra*.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Claimant seeks review of our opinion, 117 Or App 409, 844 P2d 258 (1992), contending that we misinterpreted ORS 656.005(7)(a)(B) and that we erred, therefore, in holding that it is necessary for claimant to show that his work-related back injury is the major contributing cause of his disability and need for treatment. We treat the petition as one for reconsideration, ORAP 9.15, allow it, and modify our opinion.

After suffering pain in his low back while lifting at work, claimant filed a claim for acute low back strain. He had never before filed a claim for his back. Employer denied the claim on the ground that claimant's disability and need for treatment were caused in major part by claimant's preexisting degenerative disc disease, rather than by the incident at work, and that the condition was not compensable under ORS 656.005(7)(a)(B). That statute provides, in part:

> "A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

> "* * * * *

> "(B) If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the resultant condition is compensable only to the extent that the compensable injury is and remains the major contributing cause of the disability or need for treatment."

■ As we said in our first opinion, the statutory definition of compensable injury has been read to require a determination of whether the events at work were a material contributing cause of the injury. 117 Or App at 412. Subparagraph (B) of ORS 656.005(7)(a) appears to assume the existence of a compensable injury under that standard of medical causation. When the claimant has an injury that has been determined to be compensable under that standard, the words of subparagraph (B) are easily understood: A condition resulting from a combination of the injury and a preexisting condition is compensable only if the compensable injury is the

major contributing cause of the disability or need for treatment of the "resultant condition." The words of the statute are not readily applicable to the present case, which requires a determination of whether claimant's injury is compensable in the first instance.

In an attempt to resolve this dilemma, the Board limited the application of subparagraph (B) to cases in which the claimant has established that there was a compensable injury, *i.e.*, that the work was a material contributing cause of the injury. It held that the statute is to be applied only in the processing of a compensable claim, when it is determined that the compensable injury combines with a preexisting disease or condition to cause or prolong disability or the need for treatment. In that situation, the Board held, disability or need for treatment is compensable only if the compensable injury is the major contributing cause of the disability or need for treatment.

The Board found that claimant had established that his work was a material contributing cause of his disability and need for treatment of the low back. It therefore held that the claim was compensable. It also found that the injury was the major contributing cause of claimant's disability and need for treatment and that he was therefore entitled to compensation for the treatment and disability.

In our original opinion, we disagreed with the Board's analysis that the statute was applicable only in the processing of claims. We read subsection (7)(a)(B) to establish the substantive requirements for the compensability of any claim in which the injury combines with a preexisting condition to cause disability or a need for treatment. We noted that, by using the term "compensable injury" to define what is compensable, ORS 656.005(7)(a)(B) creates a certain "incongruity" within the subparagraph. We concluded, however, that the incongruity did not prevent the statute's application in the context of determining the initial compensability of an injury. We said:

> "[U]nder ORS 656.005(7)(a)(B), when a work-related injury combines with a preexisting condition to cause disability or a need for treatment, the work-related injury is compensable *only* if it is the *major* contributing cause of the disability or

need for treatment." 117 Or App at 412. (Emphasis in original.)

Claimant contends that we have read the statute too broadly in applying it to claims that do not involve a previous compensable injury. Having reconsidered our decision, we now conclude that what we described as an "incongruity" in the statute is an ambiguity. It is not clear how the statute is to be applied in the context of an initial claim for compensation, when the injury combines with a preexisting condition to cause or prolong disability or a need for treatment.

To clarify our understanding of the statute, we have referred to the legislative history. Tape Recordings, Special Committee on Workers' Compensation, May 3, 1990, Tape 7, Side B; Tape 8, Side A, May 3, 1990; Special Session, Senate, May 7, 1990, Tape 2, Side A; Tape 3, Side A, May 7, 1990; Special Session, House of Representatives, May 7, 1990, Tape 2, Side A. We conclude that the objective of the legislature was to adopt the major contributing cause standard of proof with respect to any claim for benefits or disability related to a preexisting, noncompensable condition.

■ ■ We conclude that the statute is applicable in the context of an initial injury claim if the injury combines with a preexisting, noncompensable condition to cause or prolong disability or a need for treatment. If, in an initial claim, there is disability or a need for treatment as a result of the injury alone, then the claim is compensable if the injury is a material contributing cause of the disability or need for treatment. If, in an initial claim, the disability or need for treatment is due to the combination of the injury and a preexisting, noncompensable condition, then the injury is compensable only if it is the major contributing cause of the disability or need for treatment. In order to obtain further compensation for disability or a need for treatment that is the result of a combination of the injury and a preexisting, noncompensable condition, the claimant must show that the injury is the major contributing cause of the disability or need for treatment.

■ If, in an initial claim, an insurer has reason to believe that some or all of the claimed disability or need for treatment is the result of the injury's combining with a preexisting,

noncompensable condition, then it should evaluate and process the claim accordingly. We conclude that our interpretation of the statute satisfies the legislature's intention to adopt a more rigorous standard of proof in the context of claims for disability or treatment relating to preexisting, noncompensable conditions.

Reconsideration allowed; opinion modified and adhered to as modified.