Argued and submitted April 23, reversed and remanded for reconsideration ·
July 14, 1993

In the Matter of the Compensation of
Ray C. Cox, Claimant.

Ray C. COX,
*Petitioner,*

*v.*

SAIF CORPORATION
and Gregory Forest Products,
*Respondents.*

(91-09172; CA A77360)

855 P2d 1165

Robert F. Webber, Medford, argued the cause for petitioner. With him on the brief was Black, Chapman & Webber, Medford.

Steven Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming without opinion the referee's order that claimant's hypertension, diabetes and hyperlipidemia are not compensable. We agree with claimant that the Board erred in determining that the conditions are not compensable, and we reverse and remand for reconsideration.

In an unappealed order of March 29, 1989, a referee held that claimant's hypertension, diabetes and hyperlipidemia are compensable, because they are materially related to a compensable hand injury. The medical evidence showed that the three conditions were consequences of the compensable injury.

In 1990, the legislature enacted ORS 656.005(7) (a)(A), which provides, in part:

"No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."

In *Albany General Hospital v. Gasperino*, 113 Or App 411, 415, 833 P2d 1292 (1992), we held that, under ORS 656.005 (7)(a)(A), if a condition or need for treatment is caused by the industrial injury, as opposed to the industrial accident, the major contributing cause standard is applicable.

In 1991, claimant's treating doctor provided an opinion that the major contributing cause of claimant's hypertension and diabetes is an inherited tendency, and that the major contributing cause of claimant's hyperlipidemia is his diabetes and inherited tendencies. SAIF sent claimant a letter denying the compensability of the three conditions, on the ground that work was not the major contributing cause of the conditions.[1] The referee and the Board affirmed the denial,

---

[1] SAIF has characterized the denial as a denial of *treatment* for the three conditions. The denial letter shows that it clearly was a denial of the compensability of the conditions as well:

"We continue to receive billings for treatment related to hypertension, diabetes, and hyperlipidemia. Your physician has recently indicated your industrial injury to your right hand is not the major cause of these current conditions. Therefore, we must respectfully issue this partial denial of compensability and responsibility for your hypertension, diabetes and hyperlipidemia."

reasoning that changes in the law permitted relitigation of the compensability of the three consequential conditions. The Board held that claimant had failed to satisfy his burden under ORS 656.005(7)(a)(A) to show that the compensable injury was the major contributing cause of the three conditions.

Claimant seeks review, contending that SAIF may not relitigate the compensability of the three conditions under the new, stricter standard. We agree. The three conditions were finally and conclusively determined to be compensable in 1989. The Board erred in holding that the compensability of the conditions may be relitigated subsequent to a change in the law creating a new standard for compensability. *North Clackamas School Dist. v. White*, 305 Or 48, 750 P2d 485, *mod* 305 Or 468, 752 P2d 1210 (1988).

Although SAIF seeks to affirm the Board's order, it does not contend on review that the compensability of the conditions themselves are subject to relitigation. Rather, it argues that the compensability of *treatment* for the conditions rendered after July 1, 1990, is subject to relitigation under the standard set forth in ORS 656.005(7)(a)(A). The practical effect is nearly the same.

*Thorpe v. Seige Logging*, 115 Or App 335, 838 P2d 628 (1992), *rev den* 315 Or 313 (1993), on which SAIF relies, is distinguishable. There, the claimant's treatments with Dimethylsulfoxide (DMSO) had been determined to be compensable in 1983. Subsequently, in 1989, the Department of Insurance and Finance (DIF) amended its administrative rules in response to a statutory change, to provide that DMSO treatment was considered to be reasonable and necessary only for a condition that the claimant did not have. SAIF denied payment for the claimant's DMSO treatments rendered after the effective date of the rule. The claimant contended that relitigation of the compensability of DMSO treatment was barred, or in the alternative, that pursuant to ORS 656.202, his claim should be governed by the law in effect at the time of injury, and the statutory and rule amendments were inapplicable. We held that litigation of the compensability of a specific type of treatment after the amendment to the statute and administrative rule was not barred by the 1983 determination of the compensability of

the treatment. Additionally, we held that the statutory and related rule amendments were applicable to the claim. They did not affect the underlying compensability of the claim. Specifically, we relied on Oregon Laws 1987, chapter 884, section 62(1):

> "Notwithstanding ORS 656.202, amendments by this act to ORS 656.245, 656.254, 656.262, 656.278, 656.298, 656.388, 656.538, 656.622, 656.794 and sections 17, 18, 28, 29, 30, 31, 33 and 41 of the Act become operative January 1, 1988."

We said:

> "By including the language 'notwithstanding ORS 656.202,' the legislature specifically indicated that it intended that ORS 656.245(4) — and, consequently, rules promulgated under its authority — would apply to all claims in existence *on the operative date of the rules*, without regard to the law that was applicable at the time of injury.

> "We recognize the harsh consequences of so applying the legislation, but we are required to interpret statutes as the legislature writes them. Section 62(a) must be read to describe both the operative date of the specified amendments and the applicability of those amendments to particular claims." 115 Or App at 340. (Emphasis in original.)

Here, a provision analogous to Section 62(1) is applicable to the legislative amendments creating ORS 656.005(7)(a)(A). Oregon Laws 1990, chapter 2, section 54(1) provides

> "Except for amendments to ORS 656.207, 656.211, 656.214(2) and 656.790, this 1990 Act becomes operative July 1, 1990, and notwithstanding ORS 656.202, this 1990 Act applies to all claims existing or arising on and after July 1, 1990, regardless of date of injury, except as specifically provided in this section."

SAIF contends that that section makes ORS 656.005(7)(a)(A) applicable to this claim for the purpose of determining the compensability of medical treatment for the three compensable conditions. We conclude, however, that the provisions of section 54(1) do not express an intention to permit the relitigation of claims that have previously been fully and finally litigated under the former statutes. Our conclusion receives support from the fact that, at the same time that it

enacted section 54(1), the legislature enacted Oregon laws 1990, chapter 2, section 54(2), which provides:

"Any matter regarding a claim which is in litigation before the Hearings Division, the board, the Court of Appeals or the Supreme Court under this chapter, and regarding which matter a request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, shall be determined pursuant to the law in effect before July 1, 1990."

Section 54(2) clearly expresses an intent that cases in litigation at the time of the enactment of the 1990 legislation would not be affected by that legislation. It would be contrary to that intent to read section 54(1) to permit relitigation of claims that were finally litigated at the time of enactment of the 1990 legislation.

As we have held, claimant's three conditions are compensable under the material contributing cause standard, as applicable before the 1990 legislative amendments, and that issue is not subject to relitigation under ORS 656.005(7)(a)(A). We further conclude that medical treatment for those conditions is compensable under the same standard.[2]

Reversed and remanded for reconsideration.

---

[2] No party contends that this claim is subject to the provisions of ORS 656.005(7)(a)(B). That subsection provides:

"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

In *Tektronix, Inc. v. Nazari*, 117 Or App 409, 844 P2d 258 (1992), *on recon* 120 Or App 590, 594, 853 P2d 315 (1993), we held that, in order to obtain further compensation for disability or a need for treatment that is the result of a combination of a compensable injury and a preexisting, noncompensable condition, the claimant must show that the injury is the major contributing cause of the disability or need for treatment. We did not consider whether that standard was applicable in the context of a claim that had previously been determined to be compensable under pre-1990 law. We note that here, for the purpose of considering the effect of ORS 656.005-(7)(a)(B), the question would be whether claimant's compensable hypertension, diabetes and hyperlipidemia are the major contributing cause of his need for treatment.