Argued and submitted November 1, 2001, decision of Court of Appeals affirmed and order of Workers' Compensation Board reversed April 11, 2002

In the Matter of the Compensation of
David E. McAtee, Claimant.

MULTIFOODS SPECIALTY DISTRIBUTION,
*Respondent on Review,*

*v.*

David E. McATEE,
*Petitioner on Review.*

(WCB 97-09143; CA A101980; SC S47519)

43 P3d 1101

Donald M. Hooton, Milwaukie, argued the cause and filed the brief for petitioner on review.

Jerald P. Keene, of Reinisch, MacKenzie, Healey, Wilson & Clark P.C., Portland, argued the cause and filed the response to questions for respondent on review.

DE MUNIZ, J.

## DE MUNIZ, J.

■    In this workers' compensation case, employer Multifoods Specialty Distribution accepted claimant McAtee's injury as a "lumbar strain (combined condition)." The term "combined condition" referred to earlier compensable injuries and a resulting degenerative condition that existed simultaneously with the lumbar strain. Subsequently, employer denied the claim based on information that the lumbar strain was no longer the major contributing cause of claimant's discomfort and need for treatment. An administrative law judge (ALJ) determined that employer permissibly had denied the claim. The Workers' Compensation Board (board) decided, however, that, because employer had accepted a claim that included the degenerative condition, responsibility for the degenerative condition shifted to employer. The Court of Appeals reversed the board, holding that employer had not accepted the prior degenerative condition. *Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 993 P2d 174 (1999). We allowed claimant's petition for review and, we conclude that employer accepted the prior degenerative condition only as part of a combined condition. Given that, employer could deny the claim when the lumbar strain that claimant suffered was no longer the major contributing cause of claimant's need for treatment. Thus, we affirm the decision of the Court of Appeals.

In 1981, claimant suffered a lower-back injury while working for Papa John's Sandwich Company. Papa John's insurer, Wausau, accepted the claim. Claimant was diagnosed with disc herniation and underwent surgery that included spinal disc repair. In 1983, claimant's condition worsened. Wausau accepted the reopened claim, and claimant underwent further surgery.

In November 1996, claimant fell and suffered an acute lumbar strain while working for employer.[1] X-rays

---

[1] The term "strain," in this context, commonly is defined as "a hurt or injury of a body part or organ resulting or such as results from excessive tension, effort, or use * * *; *usu*: an injury resulting from a wrench or twist and involving overstretching of muscles or ligaments * * * ‹back →›." *Webster's Third New Int'l Dictionary*, 2255 (unabridged ed 1993).

revealed severe post-operative and degenerative changes in his lower back. Claimant's physician concluded that the lumbar strain and claimant's pre-existing degenerative lower-back condition required treatment. In December 1996, claimant acquired a different physician, who also diagnosed acute lumbar strain and noted that there was no evidence of disc herniation.

On January 29, 1997, in response to an inquiry from an insurer, the new physician opined that the lumbar strain was no longer the source of claimant's discomfort and that claimant's remaining discomfort and need for treatment was due to his pre-existing degenerative condition.

On January 30, 1997, employer accepted the claim as "acute lumbar strain (combined condition)." The next day, employer issued a denial of benefits, stating that, "[c]urrent medical evidence indicates that your pre-existing condition is now the major contributing cause for medical treatment," and closed the claim with an award of benefits through January 31, 1997.

Claimant requested a hearing before an ALJ. The ALJ concluded that the new injury and the old injury constituted a "combined condition."[2]

> "In this case the otherwise compensable injury was the November 6, 1996 slip that resulted in the strain. This injury combined with the preexisting surgeries and degenerative disc disease. Insurer accepted the combined condition. Thus, insurer acknowledged the otherwise compensable injury at the outset was the major contributing cause of the combined condition and major contributing cause of the need for treatment."

The ALJ upheld employer's denial of benefits, ruling that employer permissibly had denied benefits under ORS

---

[2] ORS 656.005(7)(a)(B) explains how a "combined condition" limits a "compensable injury":

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

656.262(7)(b) when it discovered that the lumbar strain was no longer the major contributing cause of the injury.[3]

In response, claimant sought review by the board, which reversed the ALJ. The board concluded "that claimant's current condition involves the same degenerative changes and related surgeries that were part of the accepted claim with Wausau." Employer remained responsible for the pre-existing component of claimant's combined condition, the board reasoned, because responsibility for the pre-existing condition had shifted to employer under ORS 656.308(1).[4] Further, it held that employer could not issue a denial of the claim because, under the second sentence of ORS 656.308(1), employer's acceptance had shifted responsibility for the pre-existing condition from Wausau to employer.

Employer petitioned for judicial review by the Court of Appeals, and that court reversed the board's order. *Multifoods Specialty Distribution*, 164 Or App at 657-63. The court concluded that claimant's 1996 lumbar strain did not involve the same condition that Wausau had accepted and that responsibility for claimant's degenerative disc condition remained with Wausau. According to the Court of Appeals, employer never had accepted responsibility for the older condition. *Id.* at 663.

We allowed claimant's petition for review, and now we review the board's order for errors of law. *Wilson v. State Farm Ins.*, 326 Or 413, 415, 952 P2d 528 (1998). This case involves two questions. First, what did employer accept when

---

[3] ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

[4] ORS 656.308(1) provides:

"When a worker sustains a compensable injury, the responsible employer shall remain responsible for future compensable medical services and disability relating to the compensable condition unless the worker sustains a new compensable injury involving the same condition. If a new compensable injury occurs, all further compensable medical services and disability involving the same condition shall be processed as a new injury claim by the subsequent employer. The standards for determining the compensability of a combined condition under ORS 656.005(7) shall also be used to determine the occurrence of a new compensable injury or disease under this section."

it accepted a "lumbar strain (combined condition)"? Second, what part of the claim, if any, did employer have the ability to deny when it denied the claim?

Employer stated that it had accepted a "lumbar strain (combined condition)." The lumbar strain was the newer injury, and both parties agree that, standing alone, it was a compensable injury. The question is whether, under the relevant statutes, employer accepted the underlying degenerative disc condition as if it were a new injury claim or accepted the degenerative disc condition only insofar as it had a relationship to the compensability of the lumbar strain.

The statutes distinguish between a combined condition and a new compensable injury involving the same condition. A combined condition occurs when a new injury combines with an old injury or pre-existing condition to cause or prolong either disability or a need for treatment. ORS 656.005(7)(a)(B). A "combined condition" is compensable "only if, so long as and to the extent that" the new injury is the major contributing cause of the combined condition. *Id.*

In contrast to a "combined condition," a claimant may have a new compensable injury involving the same condition. ORS 656.308(1) provides that responsibility for a compensable injury remains with the employer for whom the employee worked when the injury occurred, unless the employee sustains a new compensable injury involving the "same condition" with a different employer. In that circumstance, the subsequent employer becomes responsible because the injury is treated as a new injury claim.

Thus, the essence of the dispute centers on the legislature's intent regarding the manner in which ORS 656.005(7)(a)(B) and ORS 656.308(1) are to operate together.

First, we look to the text and context of the statutes. The best evidence of legislative intent is the text of the statutes themselves. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). If the intent is clear from the text and context, further analysis is unnecessary. *Id.* at 611.

Construing ORS 656.308(1) and ORS 656.005(7)(a)(B) together, we conclude that the analysis must focus on the

claimant's old and new injuries, and whether they are the same, or whether they are different but combined. Juxtaposing the phrase "new compensable injury involving the same condition" in ORS 656.308(1) with the definition of combined condition in ORS 656.005(7)(a)(B) clarifies that, when a new injury has some relationship to a pre-existing condition, the new injury either may involve the same condition, ORS 656.308(1), or the new injury may combine with a *different* pre-existing condition in such a way that the pre-existing condition causes or prolongs disability or the need for treatment of the new injury. ORS 656.005(7)(a)(B). Determining whether it is the former or the latter is important only if the pre-existing condition was a compensable one, because, in that case, the acceptance of a new compensable injury involving the same condition triggers a shift in responsibility to the current employer.

ORS 656.005(7)(a)(B) provides the standards for determining the compensability of a combined condition and, according to the last sentence of ORS 656.308(1), for determining the occurrence of a new compensable injury or disease under ORS 656.308(1). Under ORS 656.308(1), responsibility for a compensable injury remains with an employer "unless the worker sustains a new compensable injury involving the same condition." The issue in this case is whether claimant's new compensable injury, *i.e.*, a lumbar strain, "involved" the same condition that Wausau had accepted because Papa John's had been responsible under ORS 656.308(1). We begin by addressing the meaning of the statutory term "involving." The legislature has not defined the term, therefore, we give the term its plain, ordinary meaning. *PGE*, 317 Or at 611.

The root word for "involving" is "involve." The dictionary provides the following pertinent definitions for the word "involve":

"6a: to have within or as part of itself : CONTAIN, INCLUDE * * * c: to have an effect on : concern directly : AFFECT * * *."

*Webster's Third New Int'l Dictionary*, 1191 (unabridged ed 1993).

Under ORS 656.308(1), a new compensable injury "involves" the same condition for which another employer is responsible if the new compensable injury meets either of the definitions set out above. Accordingly, Papa John's remains responsible for claimant's degenerative disc condition unless the relationship between that compensable condition and claimant's lumbar strain meets either of the definitions of "involve" quoted above. That is a factual inquiry.

In determining whether the board erred in finding that claimant's strain "involved" the same degenerative condition for which he previously was treated, our review is confined to the record created before the ALJ. ORS 183.482(7). Factual findings must be supported by substantial evidence in the record. ORS 183.482(8)(c).

■ Substantial evidence does not support the board's finding that claimant's lumbar strain involved the same condition for which he previously was treated, namely, a disc injury. The record indicates that the pre-existing injury consisted of damage to the spinal disc structure, namely, a herniated disc and other lumbar disc disease, which later degenerated. The later injury consisted of a strain, *i.e.*, damage to muscle and ligaments. Claimant's attending physician noted that, in conjunction with the lumbar strain, there was no evidence that the prior condition—the herniated disc—had recurred. Hence, the new lumbar strain bore no relationship to the deterioration of claimant's spinal discs sufficient to support a finding under ORS 656.308(1) that the herniated disc "involves" the lumbar strain.

Instead, claimant's lumbar strain combined with the herniated disc such that claimant had two medical problems simultaneously: (1) a strained back muscle and/or ligaments; and (2) deteriorating spinal discs. Eventually, the strain healed, and the discomfort from the older disc condition remained. When claimant's physician was asked whether the new injury combined with the pre-existing condition to cause the need for treatment and disability, she wrote that "[patient] had a mechanism of strain * * *, and this combined with the prior condition had called for extended treatment."

The record thus supports only a finding that the pre-existing degenerative disc disease caused or prolonged the

need for treatment for the lumbar strain as a combined condition under ORS 656.005(7)(a)(B). We conclude that employer accepted a new injury (the lumbar strain) that included the degenerative condition as a combined condition.

After accepting the claim as "acute lumbar strain (combined condition)," employer denied benefits and closed the claim the next day, because "medical evidence indicate[d] that [the] pre-existing condition [was] the major contributing cause for medical treatment."

■　ORS 656.262(6)(c) provides that an employer may deny a combined condition if the otherwise compensable injury ceases to be the major contributing cause of the combined condition.[5] Further, ORS 656.262(7)(b) provides that, to close an accepted claim, the employer must issue a written denial to the worker stating that the accepted injury is no longer the major contributing cause of the worker's combined condition.[6] A subsequent employer who accepts a compensable injury with a combined condition also is responsible for the pre-existing condition until the new condition is no longer the major contributing cause of the combined condition. At that point, the new employer may issue a written denial and close the claim.

The medical evidence in the record establishes that claimant's attending physician was asked then what was the major cause of the disability and need for treatment, if claimant had a combined condition? She responded:

"Initially accident, however, by this time typically strains should have resolved. Studies indicate no other reason for pain except degenerative condition."

---

[5] ORS 656.262(6)(c) provides:

"An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

[6] As noted, ORS 656.262(7)(b) provides:

"Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before claim may be closed."

Substantial evidence in the record supports the finding that, by January 1997, claimant's unresolved discomfort was due to the degenerative condition, rather than to the more recent strain.

As we have explained, a "combined condition" is compensable only if the new injury is the major contributing cause of the combined condition. ORS 656.005(7)(a)(B). As of January 1997, because the lumbar strain was no longer the major contributing cause of claimant's physical complaints, ORS 656.262(7)(b) permitted employer to issue a denial of the claim.

Finally, claimant contends that the issued denial in this case was procedurally defective because it was a proper compensability denial but not a proper responsibility denial. Claimant argues that the denial failed to state information pertinent to a responsibility denial. OAR 438-005-053 provides that a denial of responsibility "on the basis of injury or exposure with another employer * * *," shall "[a]dvise the claimant to file separate, timely claims against other potentially responsible insurers or self-insured employers, including other insurers for the same employer, in order to protect the claimant's rights to obtain benefits on the claim." The essence of that rule is that responsibility must be denied "on the basis of injury or exposure with another employer." Here, employer's denial was not based on claimant's injury during his prior employment. Rather, employer's denial was based on the conclusion that the lumbar strain no longer represented the "major contributing cause" under ORS 656.262(7)(b). Therefore, we reject claimant's argument that the denial was defective.

For the foregoing reasons, we conclude that the board erred in overturning employer's denial.

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is reversed.