PER CURIAM
*590 In this workers' compensation case, claimant contends that the board erred in treating his left shoulder condition as a "combined condition" under ORS 656.005 (7)(a)(B) and in determining that it was not compensable because SAIF had met its burden to show that the "otherwise compensable injury" was not the major contributing cause of the combined condition. ORS 656.266(2). Claimant contends that his claim is more correctly analyzed as a worsening of a preexisting condition, and that compensability is established under a material contributing cause standard of proof. We do not address claimant's contentions because we conclude, for the reasons explained below, that the case must be remanded to the board for reconsideration in light of the Supreme Court's opinion in Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017).
Claimant, who works as a custodian, filed an injury claim based on symptoms he experienced in his left shoulder after a day of heavy lifting at work. SAIF denied the claim, asserting that the work injury had combined with preexisting conditions and was not the major contributing cause of the combined condition. See ORS 656.005(7)(a)(B).
Claimant filed a request for hearing. The board found that claimant has a preexisting condition in his left shoulder as defined by ORS 656.005(24), and that finding is supported by substantial evidence. There is also substantial evidence in the record to support the board's finding that the day of heavy lifting was a material contributing cause of claimant's disability and need for treatment of the preexisting condition. The evidence in the record is mixed as to whether claimant experienced a new "injury" on the day of heavy lifting. The board did not explicitly resolve that issue, because it concluded, relying on this court's opinion in Brown v. SAIF , 262 Or. App. 640, 325 P.3d 834 (2014), that the "work related injury/incident," i.e. , the day of heavy lifting, was an "otherwise compensable injury" that combined with the preexisting condition to cause disability and the need for treatment. But the board also found that SAIF had presented persuasive evidence that the work-related injury incident was not the major contributing cause of claimant's *591 disability and need for treatment of the combined condition, and concluded that the claim therefore was not compensable under ORS 656.005(7)(a)(B).
The Supreme Court reversed our decision in Brown , holding, among other conclusions, that an "otherwise compensable injury" for purposes of ORS 656.005(7)(a)(B) equates with an "accepted condition." 361 Or. at 261, 391 P.3d 773. Because our opinion in Brown was central to the parties' arguments and to the board's analysis, we remand for reconsideration in light of the Supreme Court's opinion.
Vacated and remanded for reconsideration in light of Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017).