ARMSTRONG, P. J.
*242 Claimant, the surviving spouse of the injured worker, seeks review of an order of the Workers' Compensation Board holding that she is not entitled to death benefits. We conclude that the claim is not compensable, and we therefore affirm.
The facts are largely undisputed. Claimant's spouse, Hammond, who was travelling for work, had been diagnosed with and was undergoing treatment for metastatic lung cancer that had spread to his bones, causing fractures. As Hammond walked through a hotel lobby, his left femur fractured due to weakness caused by the presence of the cancer in the bone. The medical evidence is undisputed that the metastatic lung cancer was the major contributing cause of the weakening. Hammond died seven days later.
Employer denied claimant's claim for a left leg injury and death benefits, explaining that "[i]nformation obtained during this investigation fails to establish the left leg injury resulting in death is compensably related to a work injury or work exposure." Before the administrative law judge (ALJ), claimant contended that, because Hammond was travelling for work, any injury sustained during the travel was compensably related to his employment. Employer took the position that Hammond's leg fracture was idiopathic and not materially related to his work. But, assuming that claimant was able to establish that the fracture was an "otherwise compensable condition" that had a material relationship to the employment, employer contended that the major contributing cause of Hammond's fracture was his preexisting cancer. The ALJ upheld the denial, reasoning, alternatively, that the cancer was a preexisting condition that was the major contributing cause of claimant's death, or that Hammond's fracture was idiopathic and did not arise out of his employment.
The board did not address employer's contention or the ALJ's conclusion that the fracture was idiopathic. Instead, the board analyzed the injury claim as a combined *243 condition under ORS 656.005(7)(a)(B).[1] The board reasoned as follows: Because Hammond was a travelling employee, his walking through the hotel lobby arose out of his employment. The board then cited medical evidence that the fracture was caused by claimant's bearing weight while walking that immediately combined with the cancerous tumor. The board found that the weight bearing was a material contributing cause of Hammond's fracture, which the board therefore characterized as an "otherwise compensable injury." But, finding that the cancer was a preexisting condition under ORS 656.005(24) and that the preexisting cancer was the major contributing cause of the fracture, the board determined that claimant had failed to meet her burden under ORS 656.005(7)(a)(B) to show that the otherwise compensable injury was the major contributing cause of the fracture. In light of that conclusion, the board upheld the denial of the injury claim and claim for death benefits.
On judicial review, claimant raises several challenges to the board's analysis. Claimant contends that the cancerous femur tumor was not legally cognizable as a preexisting condition because, although the metastatic cancer and its spread to the bones had been diagnosed previously, there had been no *271 diagnosis of a tumor in the femur. We reject the contention. Even though the femur tumor had not been diagnosed, there is no dispute that it was a part of the cancer. We conclude that the board did not err in determining that Hammond's cancer, and its spread to his bones, was a preexisting condition, as defined in ORS 656.005(24).
Claimant contends that the analysis set forth in ORS 656.005(7)(a)(B) for combined condition claims does not apply in the context of a claim seeking benefits for death. Claimant notes that ORS 656.005(7)(a)(B) refers only to a combined condition causing or prolonging "disability or a need for treatment," and does not mention death. Thus, in *244 claimant's view, the legislature intended to exclude claims for death benefits from the combined condition analysis, and only the material contributing cause standard of proof applies in this case.
The exception that claimant attempts to carve for death benefit claims is not supported by the statute's text. ORS 656.204 describes the benefits due "[i]f death results from a compensable injury." ORS 656.005(7), in turn, defines a "compensable injury" as an accidental injury arising out of and in the course of the employment requiring medical services and resulting in disability or death. ORS 656.005(7)(a)(B) describes a limitation to the definition of a compensable injury when an "otherwise compensable injury" combines with a preexisting condition "to cause or prolong disability or a need for treatment." In that context, benefits resulting from a combined condition are available only if the otherwise compensable injury is the major contributing cause of the disability or need for treatment of the combined condition; there is no exclusion when the injury also results in the worker's death. Here, the board found that the fractured femur was a combined condition, and there is no dispute that it caused or prolonged Hammond's disability and the need for treatment. We reject claimant's contention that the combined condition analysis does not apply when a claimed injury also contributes to the worker's death.
Finally, in a supplemental brief, claimant contends that the Supreme Court's opinion in Brown v. SAIF , 361 Or. 241, 391 P.3d 773 (2017), decided after the board's order and after the initial briefing in this case, necessitates a different analysis from that applied by the board here and therefore requires a remand for reconsideration. Brown involved an accepted injury claim for a lumbar strain that was found to have combined with a preexisting degenerative back condition. The question in Brown was whether, for purposes of determining the continued compensability of the combined condition, the "otherwise compensable injury" was limited to the accepted lumbar strain or also included other conditions not accepted that might have resulted from the same work-related accident that caused the lumbar strain.
*245 Id . The court held that, in the context of a claim involving a previously accepted injury, the term "injury," as used in the phrase "otherwise compensable injury," ORS 656.005 (7)(a)(B), refers to the injury or condition that has been accepted. The court held that an employer is authorized under ORS 656.262(7)(b) and ORS 656.268(1)(b) to deny further benefits and close a combined condition claim when the medical condition that the employer previously accepted ceases to be the major contributing cause of that combined condition. Id . at 282, 391 P.3d 773.
The question here is different from the one in Brown . Here, unlike in Brown , there is no previously accepted injury. The dispute involves the statute's applicability to an initial claim for an injury that itself constitutes the combined condition. Claimant would have us focus on whether the disability and treatment Hammond experienced before his death was caused by the fracture, which the board, in its effort to describe the injury in the terms of ORS 656.005 (7)(a)(B), characterized as the "otherwise compensable injury." But we reject the board's characterization of the fracture as the "otherwise compensable injury"; the fracture was the combined condition itself.
The board nonetheless reached the correct conclusion that the fracture was not compensable as an initial claim. See Conner v. B & S Logging , 153 Or. App. 354, 358 n 2, 957 P.2d 159 (1998) (court may affirm a correct Workers' Compensation Board order that springs from an incorrect analysis if there is substantial *272 evidence to support the board's findings leading to that result). We addressed the compensability of a combined condition as an initial claim in Tektronix, Inc. v. Nazari , 117 Or. App. 409, 844 P.2d 258 (1992), adh'd to has modified on recons. , 120 Or. App. 590, 594, 853 P.2d 315, rev. den. , 318 Or. 27, 862 P.2d 1306 (1993). At that time, 656.005 (7)(a)(B) (1993) provided:
"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the resultant condition is compensable only to the extent that the compensable injury is and remains the major contributing cause of the disability or need for treatment."
*246 In explaining our interpretation of the statute, we noted the textual challenge of applying it in the context of an initial claim:
"Subparagraph (B) of ORS 656.005(7)(a) appears to assume the existence of a compensable injury under [the material contributing cause] standard of medical causation. When the claimant has an injury that has been determined to be compensable under that standard, the words of subparagraph (B) are easily understood: A condition resulting from a combination of the injury and a preexisting condition is compensable only if the compensable injury is the major contributing cause of the disability or need for treatment of the 'resultant condition.' The words of the statute are not readily applicable to the present case, which requires a determination of whether claimant's injury is compensable in the first instance."
Id. at 592-93, 853 P.2d 315. Although we stated that the words of the statute were not "readily applicable" to an initial claim, we were persuaded by the legislative history of ORS 656.005(7)(a) that
"the objective of the legislature was to adopt the major contributing cause standard of proof with respect to any claim for benefits or disability related to a preexisting, noncompensable condition.
"We conclude that the statute is applicable in the context of an initial claim if the injury combines with a preexisting, noncompensable condition to cause or prolong disability or a need for treatment. If, in an initial claim, there is disability or a need for treatment as a result of the injury alone, then the claim is compensable if the injury is a material contributing cause of the disability or need for treatment. If in an initial claim, the disability or need for treatment is due to the combination of the injury and a preexisting, noncompensable condition, then the injury is compensable only if it is the major contributing cause of the disability or need for treatment. In order to obtain further compensation for disability or a need for treatment that is the result of a combination of the injury and a preexisting, noncompensable condition, the claimant must show that the injury is the major contributing cause of the disability or need for treatment."
Id. at 594, 853 P.2d 315.
*247 Our interpretation of the prior version of ORS 656.005(7)(a)(B) remains persuasive under the current version of the statute. When the initially claimed condition is a combined condition, it is compensable only if the work injury is the major contributing cause of the disability or need for treatment. Although walking at work contributed to Hammond's fracture, it is undisputed that the fracture was the result of a combination of Hammond's leg bearing weight while walking and Hammond's preexisting cancer ; and the medical evidence is undisputed that the major contributing cause of the fracture and, therefore, the need for treatment, was the cancer. Thus, as the board held, claimant has not met her burden to establish the compensability of the claim.
Affirmed.

ORS 656.005(7)(a)(B) provides:
"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."