Argued and submitted November 9, 2020, reversed and remanded
March 17, 2021

In the Matter of the Compensation of
Mario Carrillo, Claimant.
Mario CARRILLO,
*Petitioner,*

*v.*

SAIF CORPORATION
and Medford School District 549C,
*Respondents.*

Workers' Compensation Board
1303729; A169786

484 P3d 398

Claimant seeks judicial review of an order of the Workers' Compensation Board on remand adhering to its conclusions that claimant's left shoulder condition was a combined condition as a combination of a preexisting condition and symptoms of the preexisting condition and that SAIF had met its burden under ORS 656.266 to establish that the claim was not compensable, because the work incident was not the major contributing cause of claimant's need for treatment of or disability from the condition. *Held*: A "combined condition" is two separate conditions that combine to cause symptoms or disability. A preexisting condition and its symptoms are not separate conditions. The board therefore erred in concluding that claimant's claim was a combined condition.

Reversed and remanded.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Richard B. Myers and Bennett Hartman, LLP, filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

This case is before us a second time for judicial review of a Workers' Compensation Board order upholding SAIF's denial of claimant's initial injury claim for a left shoulder condition. In *Carrillo v. SAIF*, 291 Or App 589, 420 P3d 636 (2018) (*Carrillo I*), we remanded the board's order for reconsideration in light of the Supreme Court's opinion in *Brown v. SAIF*, 361 Or 241, 272, 391 P3d 773 (2017) (construing an "otherwise compensable injury" to be a medical condition that results from the work accident, and not the work accident itself, for purposes of ORS 656.005(7)(a)(B)). On reconsideration, the board adhered to its original order determining that claimant's shoulder injury claim was for a "combined condition" as defined in ORS 656.005(7)(a)(B)[1] and upholding SAIF's denial. The narrow issue before us on this judicial review is whether the board properly treated the claim as one for a combined condition. We review the board's order for substantial evidence and legal error, ORS 183.484(8)(a), (c), conclude that the board erred in treating the claim as one for a combined condition, and therefore reverse and remand the board's order.

We quote from our first opinion summarizing the facts and procedural history:

"Claimant, who works as a custodian, filed an injury claim based on symptoms he experienced in his left shoulder after a day of heavy lifting at work. SAIF denied the claim, asserting that the work injury had combined with preexisting conditions and was not the major contributing cause of the combined condition. *See* ORS 656.005(7)(a)(B).

"Claimant filed a request for hearing. The board found that claimant has a preexisting condition in his left shoulder as defined by ORS 656.005(24), and that finding is supported by substantial evidence. There is also substantial evidence in the record to support the board's finding that the day of heavy lifting was a material contributing cause

---

[1] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

of claimant's disability and need for treatment of the pre-existing condition. The evidence in the record is mixed as to whether claimant experienced a new 'injury' on the day of heavy lifting. The board did not explicitly resolve that issue, because it concluded, relying on this court's opinion in *Brown v. SAIF*, 262 Or App 640, 325 P3d 834 (2014), that the 'work related injury/incident,' *i.e.*, the day of heavy lifting, was an 'otherwise compensable injury' that combined with the preexisting condition to cause disability and the need for treatment. But the board also found that SAIF had presented persuasive evidence that the work-related injury incident was not the major contributing cause of claimant's disability and need for treatment of the combined condition, and concluded that the claim therefore was not compensable under ORS 656.005(7)(a)(B).

"The Supreme Court reversed our decision in *Brown*, holding, among other conclusions, that an 'otherwise compensable injury' for purposes of ORS 656.005(7)(a)(B) equates with an 'accepted condition.' 361 Or at 261. Because our opinion in *Brown* was central to the parties' arguments and to the board's analysis, we remand for reconsideration in light of the Supreme Court's opinion."

*Carrillo I*, 291 Or App at 590-91. On remand, the board reconsidered the medical record under the legal framework for combined condition claims set forth in the Supreme Court's opinion in *Brown*. The board was persuaded by medical evidence that claimant's work activities had precipitated symptoms of a preexisting condition and that those symptoms had "combined" with the preexisting condition itself but had not caused a new condition. The board further found that claimant's work activities were a material contributing cause but not the major contributing cause of his need for treatment or disability of the combined condition. The board thus adhered to its conclusion that SAIF had met its burden under ORS 656.266[2] to establish that claimant's

---

[2] ORS 656.266(2) provides:

"* * * [F]or the purpose of combined condition injury claims under ORS 656.005 (7)(a)(B) only:

"(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

left shoulder condition was a combined condition and was not compensable because the February 2013 work incident was not the major contributing cause of his need for treatment of or disability from the condition.

In support of its conclusion that the claim was for a combined condition, the board reasoned that, under *Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 636, 43 P3d 1101 (2002), a "combined condition" is "two medical problems simultaneously." Although claimant's work incident had not caused a separate medical condition, the board was persuaded that claimant's symptomatic flareup of his preexisting condition—caused in material part by the work incident—was a *medical problem* separate from the preexisting condition that combined with the preexisting condition. The board rejected claimant's contentions that a combined condition consists of two separate medical conditions that combine and that a symptomatic flareup of a preexisting condition cannot combine with the preexisting condition itself.

We agree with claimant that the board erred. As the Supreme Court pointed out in *Brown*, the term "combined condition" suggests two *separate* conditions that combine. 361 Or at 255-56; *see also* ORS 656.005(7)(a)(B). The Supreme Court's statement in *McAtee*, on which the board relied, that a combined condition involves "two medical problems simultaneously" is not inconsistent with that reasoning. Indeed, in *McAtee*, the court said that "[a] combined condition occurs when a new injury combines with an old injury or pre-existing condition to cause or prolong either disability or a need for treatment." 333 Or at 634. *See Fred Meyer, Inc. v. Evans*, 171 Or App 569, 573, 15 P3d 1261 (2000) ("The operative principle [of ORS 656.005(7)(B)] is that multiple conditions combine to create a disability or need for treatment."); *Luckhurst v. Bank of America*, 167 Or App 11, 16-17, 1 P3d 1031 (2000) ("[I]n order for there to be a 'combined condition,' there must be two conditions that merge or exist harmoniously * * * rather than one condition made worse" by a work-related injury.); *Multifoods Specialty Distribution v. McAtee*, 164 Or App 654, 662, 993 P2d 174 (1999), *aff'd*, 333 Or 629, 43 P3d 1101 (2002) ("[A] combined condition may constitute either an integration of two conditions or the close

relationship of those conditions."). A preexisting condition and its symptoms are not separate conditions. *See Arms v. SAIF*, 268 Or App 761, 770-71, 343 P3d 659 (2015) (distinguishing a combined condition from a worsening of a preexisting condition and noting that "ORS 656.225(1) and (2) contemplate medical services for preexisting conditions that are worsened by work conditions or events"). The board should consider in the first instance whether claimant's symptomatic flareup is compensable as a worsening of his preexisting condition.

Other cases cited by the parties have not involved the issue presented here—whether a combined condition can derive from a preexisting condition and its symptoms. For example, *Brown* involved an accepted injury claim for a lumbar strain that was found to have combined with a preexisting degenerative back condition. The question in *Brown* was whether, for purposes of determining the continued compensability of the combined condition, the "otherwise compensable injury," as used in ORS 656.005(7)(a)(B), was limited to the accepted lumbar strain or also included other conditions not accepted that might have resulted from the same work-related accident that caused the lumbar strain. 361 Or at 282. The court held that, in the context of a combined condition claim involving a previously accepted injury, the term "injury," as used in the phrase "otherwise compensable injury," ORS 656.005(7)(a)(B), refers to the injury or condition that has been accepted. *Id*.

Our opinion in *Hammond v. Liberty Northwest Ins. Co.*, 296 Or App 241, 437 P3d 269 (2019), involved a different factual scenario and a claim for death benefits. There, the worker had a preexisting cancer in his femur and suffered a fracture—ultimately leading to his death—while walking at work. *Id*. at 242. The medical evidence was that the weight-bearing activity of walking had combined with the preexisting cancer to cause the fracture. *Id*. Unlike in *Brown*, there had been no previously accepted condition. *Id*. at 245. The board viewed the claim as a combined condition claim and identified the fracture as an "otherwise compensable injury," because it had been caused in material part by the walking. We implicitly rejected an analysis requiring that, to establish an initial claim for a combined condition

in the absence of a previous acceptance, there must be an "otherwise compensable injury" that combines with a preexisting condition. We reasoned that an initial claim itself can be a combined condition when a work incident, together with a preexisting condition, cause a separate injury. We held in *Hammond* that the femur fracture—brought on in part by work activity and in part by the cancer—was the combined condition. *Id*. at 245-47.

Claimant asks us to reconsider *Hammond*, contending that it is inconsistent with *Brown* to the extent that it applies a different test to determine the existence of a combined condition in the context of an initial injury claim. But *Hammond*, like *Brown*, did not address the narrow question presented here, whether symptoms of a preexisting condition brought on by work activity can "combine" with the preexisting condition to give rise to a combined condition. For that reason, this case does not present an opportunity to reconsider *Hammond*. To the extent that *Hammond* might be understood to hold that a "symptom" of a preexisting condition and the preexisting condition itself can "combine" to give rise to a combined condition, that understanding is disavowed.

We conclude that the board erred in determining that the symptoms of claimant's preexisting shoulder condition combined with the preexisting condition itself to give rise to a combined condition claim. We therefore reverse and remand the board's order for reconsideration.

Reversed and remanded.