34

Argued and submitted July 28, 2020, reversed and remanded July 8, 2021

In the Matter of the Compensation of
Maria I. Pedro, Claimant.

Maria I. PEDRO,
*Petitioner,*

*v.*

SAIF CORPORATION;
and Ingallinas Box Lunch, Inc.,
*Respondents.*

Workers' Compensation Board
1705593; A170708

495 P3d 183

Claimant petitions for judicial review of a final order of the Workers' Compensation Board (board). At issue is the board's affirmance of SAIF Corporation's denial of claimant's omitted condition claim under ORS 656.267(1) for an L4-5 disc protrusion. Although the board found that the disc protrusion was caused in material part by the workplace injury that led to claimant's original claim, it determined that the disc protrusion was part of a "combined condition," and that the major cause of claimant's disability or need for treatment was claimant's preexisting arthritis. The board therefore determined that claimant's disc protrusion was not compensable. On appeal, claimant contends that the board applied an incorrect legal standard in determining that the L4-5 disc protrusion is part of a combined condition and also that substantial evidence does not support that determination. *Held*: The board's determination that claimant's L4-5 disc protrusion was part of a combined condition with claimant's preexisting arthritis was not supported by substantial evidence because the evidence on the record did not explain how those medical conditions combined.

Reversed and remanded.

Julene M. Quinn argued the cause for petitioner. On the briefs was Theodore P. Heus.

Allison Lesh argued the cause and filed the brief for respondents.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Claimant petitions for judicial review of a final order of the Workers' Compensation Board (board). At issue is the board's affirmance of SAIF Corporation's denial of claimant's omitted condition claim under ORS 656.267(1) for an L4-5 disc protrusion. Although the board found that the L4-5 disc protrusion was caused in material part by the workplace injury that led to claimant's original claim, it determined that the L4-5 disc protrusion was part of a "combined condition," and that the major cause of claimant's disability or need for treatment resulting from that combined condition was claimant's preexisting arthritis. Because of those conclusions, the board determined that claimant's L4-5 disc protrusion was not compensable, notwithstanding the fact that claimant's workplace injury was a material cause of the protrusion. Before us, claimant contends that the board applied an incorrect legal standard in determining that the L4-5 disc protrusion is part of a combined condition and also that substantial evidence does not support that determination. We agree that substantial evidence does not support the board's finding that claimant's L4-5 disc protrusion is part of a combined condition within the meaning of ORS 656.005(7)(a)(B), as interpreted in *Brown v. SAIF*, 361 Or 241, 391 P3d 773 (2017). Accordingly, we reverse and remand.

Although claimant disputes the board's finding that her L4-5 disc protrusion is part of a combined condition, she does not otherwise contest the board's factual findings. Accordingly, we draw the following undisputed facts from the board's order.[1]

Claimant works for a catering business. She injured her back at work in May 2017 while lifting and carrying boxed orders. SAIF accepted a claim, identifying the accepted condition as a lumbar strain.

In November 2017, claimant requested SAIF to accept, among other conditions, a disc protrusion at L4-5. Claimant asserted that the L4-5 disc protrusion was caused

---

[1] Our reference to the board's order includes the administrative law judge's order, which the board adopted and affirmed with some supplementation.

in material part by the May 2017 incident and should be accepted as a new or omitted condition under ORS 656.267(1). SAIF denied the request, stating that it had determined that the condition was not compensably related to the work injury. Claimant requested a hearing. Following that hearing, the administrative law judge (ALJ) upheld SAIF's denial. She determined that "the work injury was at least a material contributing cause of the disability/need for treatment for the L4-5 disc protrusion," a determination that would ordinarily make the condition compensable. *See Hopkins v. SAIF*, 349 Or 348, 351, 245 P3d 90 (2010) ("To establish a 'compensable injury,' the worker must prove that a work-related injury is a material contributing cause of a disability or need for treatment.").

The ALJ nonetheless determined that SAIF's denial was proper because it had proved that claimant has a "combined condition" involving her preexisting arthritis, and that claimant's disability or need for treatment of that combined condition was caused in major part by claimant's preexisting arthritis. Claimant sought review before the board, which adopted and affirmed the ALJ's decision with supplemental analysis addressing the rejection of the omitted condition claim for the L4-5 disc protrusion.

Claimant petitioned this court for judicial review. On review, she contends that the board erred in two related respects. Claimant contends that, in view of *Brown*, the board relied on a wrong legal standard in denying claimant's omitted-condition claim on the basis that the omitted condition was part of a combined condition. Under *Brown*, claimant asserts, a combined condition, as defined by ORS 656.005(7)(a)(B), is one that entails two separate conditions combining. *See* 361 Or at 255-56. Because, in claimant's view, "a combined condition requires [a showing that] two discrete, identifiable medical conditions" combined, and "the board relied on an expert who never evaluated or weighed the claimed L4-5 disc protrusion against the preexisting arthritis," the board necessarily applied the wrong legal standard in determining whether claimant had a combined condition. Claimant additionally contends that there is no substantial evidence to support a finding that the L4-5 disc protrusion combined with claimant's preexisting arthritis,

because, in claimant's view, there is no evidence addressing how the L4-5 disc protrusion *combined* with claimant's preexisting arthritis to result in an identifiable combined condition.

In response, SAIF acknowledges that the board's analysis of whether claimant's L4-5 disc protrusion is part of a combined condition does not track the Supreme Court's analysis in *Brown*. Rather, SAIF contends that *Brown* allows for different approaches to combined conditions depending on context, something that would allow for the board's approach here. SAIF points to the Supreme Court's decision in *Multifoods Specialty Distribution v. McAtee*, 333 Or 629, 636, 43 P3d 1101 (2002), in which the court described a "combined condition" as "two medical problems [occurring] simultaneously." In SAIF's view, under that standard, the expert opinion on which the board relied supports its finding of a combined condition because the expert analyzed "the impact of the work event on the L4-5 disc pathology and the preexisting arthritis." SAIF additionally points to our decision in *Hammond v. Liberty Northwest Ins. Corp.*, 296 Or App 241, 437 P3d 269 (2019), as supporting the analysis employed by the board. SAIF argues that, under *Hammond*, it is not necessary for it to show that "two discrete, identifiable medical conditions" combined in order for it to prove a combined condition. Beyond that, SAIF contends, when the *Hammond* analysis is applied, the record supports the board's finding that claimant has a cognizable combined condition.

In a memorandum of additional authorities filed after argument, claimant points to our recent decision in *Carrillo v. SAIF*, 310 Or App 8, 484 P3d 398 (2021), as clarifying our decision in *Hammond*, and, additionally, as rejecting SAIF's reading of *McAtee*, to the extent that SAIF reads *McAtee* as holding that a determination that a claimant has two medical problems simultaneously is sufficient to establish a combined condition.

To the extent claimant's arguments challenge the board's interpretation of the workers compensation statute, our review is to determine whether the board "erroneously interpreted a provision of law." ORS 183.482(8)(a). To the

extent claimant challenges the sufficiency of the evidence supporting the board's finding of a combined condition, our review is to determine whether the board's finding is supported by substantial evidence, that is, whether "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

Both parties' arguments have force. As the Supreme Court acknowledged in *Brown*, "the relevant statutes are rife with ambiguities." 361 Or at 283. Ultimately, we conclude that claimant's view is the one that gives effect to the Supreme Court's interpretation of "combined condition" in ORS 656.005(7)(a)(B), and, further, when "combined condition" is given the meaning announced in *Brown*, that substantial evidence does not support the board's finding of a combined condition.

As defined by ORS 656.005(7)(a)(B), a "combined condition" is a condition that occurs "[i]f an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment." In *Brown*, the court held "that the 'injury' component of the phrase 'otherwise compensable injury' in ORS 656.005 (7)(a)(B) refers to a medical condition, not an accident." 361 Or at 272. Here, claimant has established, and SAIF does not at this point dispute, that the workplace accident was a material cause of claimant's medical condition of an L4-5 disc protrusion. That means that claimant's L4-5 disc protrusion is an "injury" within the meaning of ORS 656.005 (7)(a)(B) that is otherwise compensable because of its material causal connection to the May 2017 workplace incident. *Hopkins*, 349 Or at 351.

Accordingly, to deny claimant's claim for that specific medical condition on the grounds that it was part of a combined condition with claimant's preexisting arthritis, SAIF had to introduce evidence showing (1) how the L4-5 disc protrusion combined with claimant's preexisting arthritis to result in a disability or need for treatment; and (2) that the L4-5 disc protrusion was not the major cause of the disability or need for treatment resulting from that combined condition. As the parties appear to agree, the evidence in the record does not address that formulation of a combined

condition. In particular, Dr. Button's opinion, on which the board based its finding of a combined condition, does not analyze how the L4-5 disc protrusion interacts with preexisting arthritis so as to result in a combined condition. This, perhaps, is not surprising, because Button's opinion was that the May 2017 incident was not even a material cause of the L4-5 disc protrusion. In any event, Button's analysis focused on the role that the May 2017 work incident played in claimant's need for treatment of the L4-5 disc protrusion and did not explain how the L4-5 disc protrusion combined with the preexisting arthritis. Further, Button did not appear to evaluate which of those two particular medical conditions played the greater causal role in the disability or need for treatment that claimant experienced as a result of the interaction of those two specific medical conditions.

*Hammond* is not to the contrary. Recently, in *Carrillo*, we explained that "the term 'combined condition' suggests two separate conditions that combine." 310 Or App at 11 (emphasis omitted). We clarified that *Hammond* stood for the narrow proposition that "an initial claim itself can be a combined condition when a work incident, together with a preexisting condition, cause a separate injury." *Id.* at 13. In that case, the identified combined condition was a fracture that was caused by the claimant's work activity in combination with the claimant's preexisting cancer. *Id.* at 12.

This case, in contrast with *Hammond*, does not involve the circumstances that led us to conclude that the *Brown* analysis did not apply in that case. It does not involve an initial injury claim or a claim that SAIF should have accepted a specific medical condition that, in and of itself, constituted a combined condition. Rather, this case involves a request that SAIF accept, as an omitted condition, an L4-5 disc protrusion that, it is undisputed at this point, was caused in material part by claimant's workplace injury. Although that omitted condition had not yet been accepted at the time that the board conducted its combined-condition analysis, we do not understand why that would alter the analysis where, as here, a claimant has proved that a specific medical condition was caused in material part by the workplace incident. Under such circumstances, and in contrast with the situation in *Hammond*, it is possible

to analyze whether a claimant has a combined condition under the *Brown* framework for combined conditions, and SAIF has not persuaded us that there is a reason to deviate from the *Brown* approach in the context of a request that an insurer accept an omitted condition caused in material part by a workplace incident for which the insurer previously has accepted other conditions found to be caused in material part by the same workplace incident.

In sum, in view of *Brown*'s explanation of what it means to be a "combined condition" under ORS 656.005 (7)(a)(B), and the particular medical evidence in this case, the board's determination that claimant's L4-5 disc protrusion is part of a combined condition with claimant's preexisting arthritis is not supported by substantial evidence. We therefore reverse and remand.

Reversed and remanded.