Argued and submitted November 6, 2020, reversed and remanded
November 10, 2021

In the Matter of the Compensation of
Margarett Y. Interiano, Claimant.

Margarett Y. INTERIANO,
*Petitioner,*

*v.*

SAIF CORPORATION
and OHSU - Oregon Health & Science University,
*Respondents.*

Workers' Compensation Board
1801113, 1502779, 1403713, 1505067;
A170274

502 P3d 224

Claimant petitions for judicial review of a final order of the Workers' Compensation Board that concluded that her claim for a 2014 low-back injury was not compensable under ORS 656.005(7)(a)(B), the "combined condition" statute for injury claims. Claimant asserts that the board erred in determining that her preexisting conditions and the symptoms of those conditions brought on by the work injury "represented two medical problems" that constituted a legally cognizable combined condition. *Held*: Because a preexisting condition and its symptoms are not separate conditions, the board erred in determining that claimant had a combined condition within the meaning of ORS 656.005(7)(a)(B).

Reversed and remanded.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

David L. Runner argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

## POWERS, J.

Claimant petitions for judicial review of a final order of the Workers' Compensation Board that concluded that her claim for a 2014 low-back injury was not compensable under ORS 656.005(7)(a)(B), the "combined condition" statute for injury claims. In her first assignment of error, claimant asserts that the board erred in determining that claimant suffered from a "combined condition." In her second assignment of error, claimant asserts that, even assuming that the board correctly determined that a combined condition existed, the board erred in concluding that claimant's "otherwise compensable injury" was not the major contributing cause of claimant's disability or need for treatment. We agree that the board erred in determining that claimant was suffering from a combined condition as defined in ORS 656.005(7)(a)(B). Given that conclusion, we do not reach claimant's second assignment of error. Accordingly, we reverse and remand.

The facts are not in dispute. Claimant worked as a Public Services Representative/Parking Patroller for employer OHSU—Oregon Health & Science University. Her job duties involved keeping the roads clear, placing signage, monitoring pay stations, loading storage units, building steel shelving, loading delineators, and other various activities involving lifting between 40 and 80 pounds. In November 2013, claimant helped move a 250-pound pay station from a storage unit and injured her back. Claimant sought treatment following the incident, and SAIF accepted a claim on behalf of OHSU for a disabling left lumbar strain.

In January 2014, claimant established treatment with Dr. Takacs, who diagnosed claimant with a left lumbar strain, with a possible herniated disc. A lumbar spine MRI scan also revealed minor degenerative changes at the L4-5 level, with a small focal protrusion, possibly affecting the fifth root. In April 2014, claimant submitted a written claim to expand the scope of acceptance of her November 2013 claim to include left L5 radiculopathy and a herniated disc at L4-5. At SAIF's request, Dr. Rosenbaum examined claimant and diagnosed her with preexisting lumbar spondylosis and a left lumbar strain secondary to the November

2013 injury. Based on his review of the MRI, Rosenbaum opined that claimant did not have nerve root compression, and that the degree of disc bulging at L4-5 was "inconsequential and incidental" and not representative of a herniated disc at the L4-5 level. SAIF denied claimant's new or omitted condition claim for L5 radiculopathy and an L4-5 herniated disc. After a hearing, SAIF issued a notice of closure on the November 2013 claim for a lumbar strain and awarded no permanent disability benefits. That claim is not before us.

In December 2014, claimant had to perform increased work activity beyond her lifting restrictions due to inclement weather. The increased work activities caused claimant to seek emergency medical treatment for low back pain. Claimant was diagnosed with a lumbar strain. Claimant returned to Takacs, who opined that 10 percent of claimant's discomfort was related to preexisting spondylosis and 90 percent of her current symptomatology was related to a herniated disc at L4-5. Takacs also assessed progressively worsening left lower extremity radiculopathy and a herniated disc at L5-S1 "related to work-related activities." Claimant filed a new claim for a low-back injury occurring on or about December 1, 2014.

Rosenbaum did not reexamine claimant, but reviewed claimant's MRI and agreed that she had pathology at L3-4, L4-5, and L5-S1. He further opined that the spondylosis at L4-5 and L5-S1 was a preexisting condition. Rosenbaum characterized the condition as arthritic and attributed it to claimant's genetics and age.

At SAIF's request, claimant was also examined by Dr. Hammel, who agreed with Rosenbaum that claimant's L4-5 and L5-S1 pathologies, including L5 radiculopathy, involved preexisting spondylosis. Hammel concurred in a letter prepared by SAIF's counsel that claimant's "injury event in December 2014" was not the major cause of her need for treatment for the lumbar pathology, and, to the extent claimant required treatment after the December 2014 activity, "it would have been as a part of a combination of the effects of the injurious exposure on or about December 1, 2014[,] and [claimant's] preexisting, diagnosed, symptomatic

and arthritic conditions." Hammel and Rosenbaum agreed that claimant's preexisting arthritic condition was the major contributing cause of the need for treatment after the December 2014 incident.

In contrast, Takacs concluded that the December 2014 work activity had caused a lumbar strain and had also injured the L5 nerve root, causing claimant's L5 radiculopathy to become constant.

An administrative law judge (ALJ) upheld SAIF's denial. The ALJ noted that SAIF had conceded that claimant met her "burden to prove that her December 2014 injury was at least a material contributing cause of her need for treatment and disability." Therefore, the issue was whether SAIF had "met its burden to prove that claimant's December 2014 injury combined with a preexisting condition, and that the injury was never the major contributing cause of her need for treatment or disability." Relying primarily on the opinions of Rosenbaum and Hammel, which the ALJ found to be more persuasive, the ALJ concluded that claimant's need for treatment and disability were caused, in major part, by her preexisting arthritic condition and not the December 2014 injury.

The board adopted and affirmed the ALJ's order with supplementation. The board confirmed that the "opinions of Drs. Rosenbaum and Hammel persuasively establish the presence of a 'combined condition'; *i.e.*, 'two medical problems simultaneously.'" Specifically, the board found that claimant's combined condition "consisted of two medical problems (*i.e.*, her preexisting spondylosis arthritic condition, and the low back/radicular symptoms caused by her lifting activities at work)." The board further concluded that SAIF had established that claimant's December 2014 work injury was not the major contributing cause of the need for treatment of the combined condition. Claimant timely petitioned this court for judicial review.

On review, claimant contends that the board erred in concluding that her preexisting conditions and the symptoms of those conditions brought on by the work injury "represented two medical problems" that constituted a legally

cognizable combined condition. Claimant asserts that "courts have never employed a 'two medical problem' legal analysis to establish the existence of a combined condition," and that *Brown v. SAIF*, 361 Or 241, 391 P3d 773 (2017), "unequivocally establishes that a specific medical condition, as that term has been defined by the courts, must combine with a separate and distinct legally cognizable preexisting condition."

SAIF remonstrates that, in the context of an initial claim, ORS 656.005(7)(a)(B) does not require that a medical condition be "separate and distinct" from the preexisting condition. SAIF further contends that *Brown* is distinguishable, because it involved a "ceases denial" issued after SAIF had given notice of acceptance of a specific medical condition, which differs from the initial-claim context, where "nothing has yet been 'accepted' and 'no particular medical condition' has been specified as 'compensable.'" Alternatively, SAIF contends that the board's order should be affirmed as "right for the wrong reason," because claimant failed to carry her burden of proving an "otherwise compensable injury" under ORS 656.266(1) and (2)(a).[1]

We review the board's order for substantial evidence and legal error. ORS 183.482(8)(a), (c). As explained below, we conclude that the board erred in determining that claimant's preexisting condition—spondylosis—combined with the symptoms of that condition brought on by claimant's December 2014 work activities to result in a combined condition.

---

[1]  ORS 656.266 provides, in part:

"(1)  The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by disproving other possible explanations of how the injury or disease occurred.

"(2)  Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

"(a)  Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

To establish a compensable injury, a claimant must prove (1) that the claimant suffered an injury in the course of employment, and (2) that that injury either resulted in disability or death or was at least severe enough to require medical services. *Horizon Air Industries, Inc. v. Davis-Warren*, 266 Or App 388, 394, 337 P3d 959 (2014); ORS 656.005(7)(a) (defining "compensable injury"). If a compensable injury combines with a preexisting condition to cause or prolong disability or a need for treatment, that gives rise to a combined condition.

ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, a combined condition is "compensable only if the major contributing cause—not just the material cause—of the resulting combined condition is the compensable injury." *Brown*, 361 Or at 251 (emphasis omitted); *see also Hopkins v. SAIF*, 349 Or 348, 351, 245 P3d 90 (2010) (explaining that a "combined condition is compensable only if the compensable injury is the major contributing cause of the disability or need for treatment"). The employer bears the burden of proving that a combined condition is not compensable by establishing that a "worker has a preexisting condition and that the compensable injury is not the major contributing cause of the disability or need for treatment." *Hopkins*, 349 Or at 352 (explaining the operation of ORS 656.266(2)(a)).

In *Carrillo v. SAIF*, 310 Or App 8, 12, 484 P3d 398, *rev den*, 368 Or 560 (2021), we recently addressed "whether a combined condition can derive from a preexisting condition and its symptoms." In that case, the claimant filed an injury claim based on symptoms that he had experienced in his left shoulder after a day of heavy lifting at work. *Id*. at 9. SAIF denied the claim, asserting that the work injury had combined with preexisting conditions and that

the work injury was not the major contributing cause of the combined condition. *Id.* The claimant requested a hearing and argued before the board that a combined condition consisted of two separate medical conditions that combined and that a symptomatic flareup of a preexisting condition cannot combine with the preexisting condition itself. *Id.* at 11. The board determined that the "claimant's work activities had precipitated symptoms of a preexisting condition and that those symptoms had 'combined' with the preexisting condition itself but had not caused a new condition." *Id.* at 10. Although the board determined that claimant's work incident had not caused a separate medical condition, "the board was persuaded that claimant's symptomatic flareup of his preexisting condition—caused in material part by the work incident—was a medical problem separate from the preexisting condition that combined with the preexisting condition." *Id.* at 11 (emphasis omitted).

On review, we disagreed with the board's decision. We explained that, as noted in *Brown*, the "term 'combined condition' suggests two separate conditions that combine." *Carrillo*, 310 Or App at 11 (emphasis omitted). Therefore, because "[a] preexisting condition and its symptoms are not separate conditions," we concluded that the board erred in determining that the symptoms of the claimant's preexisting shoulder condition combined with the preexisting condition itself to give rise to a combined condition claim. *Id.* at 12.

We reach the same conclusion in this case. In determining that claimant had a combined condition, the board did not identify two separate conditions; rather, the board concluded that claimant's preexisting spondylosis arthritic condition combined with the symptoms of that condition when she was lifting at work in December 2014. The board relied on the opinions of Rosenbaum and Hammel to conclude that claimant's combined condition "consisted of two medical problems (*i.e.*, her preexisting spondylosis arthritic condition, and the low back/radicular symptoms caused by her lifting activities at work)." Similarly, the board considered "Hammel's detailed description of claimant's preexisting conditions with L5 radiculopathy, and the need for treatment of those conditions caused by the work injury,

to represent two medical problems that constitute a 'combined condition.'" The medical opinions of Rosenbaum and Hammel, however, do not describe the existence of two separate conditions. Because a preexisting condition and its symptoms are not separate conditions, the board erred in determining that claimant had a combined condition within the meaning of ORS 656.005(7)(a)(B).[2]

Reversed and remanded.

---

[2] As noted earlier, SAIF argues that, even if we agree with claimant's arguments, we should affirm the board's order under the "right for the wrong reason" doctrine because claimant failed to carry her burden of proving an "otherwise compensable injury." We reject that argument without discussion.