Argued and submitted November 30, 2021, reversed and remanded
January 5, 2022

In the Matter of the Compensation of
Terry D. Gibson, Claimant.

Terry D. GIBSON,
*Petitioner,*

*v.*

ESIS
and Georgia Pacific Consumer
Product - Georgia Pacific,
*Respondents.*

Workers' Compensation Board
1904433, 1901856, 1901393, 1805238;
A174561

504 P3d 1270

Claimant petitions for judicial review of an order of the Workers' Compensation Board (board) upholding employer's denial of his new or omitted condition claim. In upholding employer's denial, the board employed a combined-condition analysis. On review, claimant asserts that the board applied the wrong legal standard when determining that he had a legally cognizable combined condition. Alternatively, he asserts that the board's determination that there was a legally cognizable combined condition is not supported by substantial evidence or substantial reason. *Held*: The board applied the wrong legal standard by failing to acknowledge and apply the limited definition of a medical condition for the combined-condition analysis. Furthermore, if and to the extent it applied the correct standard, the board's order was not supported by substantial reason.

Reversed and remanded.

Jodi Anne Phillips Polich argued the cause for petitioner. Also on the briefs was the Law Offices of Jodie Anne Phillips Polich, P.C.

Rebecca A. Watkins argued the cause for respondents. Also on the brief were David Levine and SBH Legal.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Landau, Senior Judge.

LAGESEN, C. J.

Reversed and remanded.

## LAGESEN, C. J.

Claimant petitions for judicial review of an order of the Workers' Compensation Board (board) upholding employer's denial of his new or omitted condition claim for osteoarthritis. In upholding employer's denial, the board employed a combined condition analysis. On review, claimant asserts that the board applied the wrong legal standard when determining that claimant had a legally cognizable combined condition. Alternatively, claimant asserts that the board's determination that there was a legally cognizable combined condition is not supported by substantial evidence or substantial reason. We conclude that the board applied the wrong legal standard and, if and to the extent that it applied the correct standard, its order is not supported by substantial reason. Accordingly, we reverse the board's order and remand.

Except as noted the facts are not disputed. Claimant slipped and fell at work, hurting his knee. Employer accepted a "knee strain condition, classified as non-disabling." Later, claimant requested that employer accept osteoarthritis and acute bone marrow lesions as new or omitted conditions. Employer denied both conditions, and claimant requested a hearing before an administrative law judge (ALJ); the ALJ affirmed the denials. The ALJ determined that the osteoarthritis was a preexisting condition not compensably related to the work injury. The ALJ further determined that the work injury combined with the preexisting osteoarthritis and that the noncompensable osteoarthritis is the major contributing cause of claimant's disability or need for treatment related to the combined condition, including the recommended knee replacement surgery. Accordingly, the ALJ found "insufficient causal relationship between the accepted injury and the proposed medical procedure." With regard to the bone marrow lesions, the ALJ determined that there was insufficient evidence to establish that they existed, and, if they existed, no evidence that they were caused by the work incident.

Claimant appealed to the board, which adopted and affirmed the ALJ's order, supplementing the reasoning. The board explained that the work injury caused claimant's

osteoarthritic knee to become symptomatic, resulting in a combined condition of claimant's preexisting osteoarthritis and the symptoms triggered by the work injury:

> "Here, we consider Dr. Baldwin's description of claimant's preexisting left knee tri-compartmental osteoarthritis and the onset of symptoms due to the April 2018 work injury to represent two medical problems that constitute a 'combined condition.' *** Dr. Baldwin explained that claimant's work injury, which hyperextended his knee, caused the rough surfaces of the underlying osteoarthritis to 'pop over one another' resulting in left knee pain, but that at all times the major contributing cause of the need for treatment was claimant's preexisting left knee osteoarthritis and not the work injury. As such, Dr. Baldwin's opinion supports the existence of a combined condition (*i.e.*, the work-related knee pain combined with the underlying preexisting osteoarthritis condition).

> "Further, the existence of a combined condition is also supported by the opinion of claimant's treating physician, Dr. Kretzler. He described the April 2018 work injury as 'exacerbat[ing]' claimant's preexisting tricompartmental osteoarthritis, and causing claimant's left knee to be symptomatic. That opinion, also, is consistent with the existence of a combined condition consisting of 'two medical problems' existing simultaneously (*i.e.*, the preexisting osteoarthritis and the work-related exacerbation)."

(Internal citations omitted.) The board concluded further, as had the ALJ, that the major contributing cause of the need for treatment of the combined condition that it had identified was the preexisting osteoarthritis, such that the treatment of the combined condition was not compensable. Claimant petitioned for judicial review.

On review, employer and claimant agree that the osteoarthritis is the major contributing cause of claimant's need for a knee replacement surgery but dispute whether that condition, and thus the surgery, are compensable. As we understand his arguments on review, claimant disputes the board's determination that his osteoarthritis is a noncompensable preexisting condition and that his work-related injury combined with the preexisting osteoarthritis to create a combined condition. He asserts that his pain,

disability, and need for treatment are all symptoms of his osteoarthritis that were brought on by the work incident, that his osteoarthritis is the only cognizable medical condition, and that the osteoarthritis should have been found compensable based on the role the work injury played in causing his osteoarthritis to become symptomatic. Insofar as the board found that his symptoms combined with his preexisting osteoarthritis, claimant contends that the board misapplied ORS 656.005(7)(a)(B), the statute concerning combined conditions. Employer argues to the contrary that the board was correct. In employer's view, the accepted knee strain that resulted from the work incident was a new medical condition that combined with and exacerbated claimant's preexisting osteoarthritis. Alternatively, employer argues that the combined condition can be constituted by the preexisting condition and its worsening.

To the extent claimant's arguments challenge the board's interpretation of the statute, our review is to determine whether the board "erroneously interpreted a provision of law." ORS 183.482(8)(a). To the extent that claimant asserts that the board's order is not supported by substantial reason, we review to determine "whether the order supplies the necessary reasoning" to connect the board's findings of fact with its conclusions of law. *United Academics of OSU v. OSU*, 315 Or App 348, 356, 502 P3d 254 (2021).

ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

As we—and the Supreme Court—have explained, "the term 'combined condition' [in ORS 656.005(7)(a)(B)] suggests two *separate* conditions that combine." *Carrillo v. SAIF*, 310 Or App 8, 11, 484 P3d 398, *rev den*, 368 Or 560 (2021) (citing *Brown v. SAIF*, 361 Or 241, 255-56, 391 P3d 773 (2017); ORS 656.005(7)(a)(B); internal quotation

marks omitted; emphasis in original). Said another way, "[a] combined condition occurs when a new injury combines with an old injury or pre-existing condition to cause or prolong either disability or a need for treatment." *Id.*

For purposes of this analysis, only some things count as "conditions" that can result in a legally cognizable combined condition. In *Young v. Hermiston Good Samaritan*, 223 Or App 99, 107, 194 P3d 857 (2008), for example, we held that symptoms of a condition, on their own and distinct from their underlying medical condition, cannot amount to a compensable condition. *See also Interiano v. SAIF*, 315 Or App 588, 593-94, 502 P3d 224 (2021) (a preexisting condition and its symptoms are not separate conditions and cannot combine). Similarly, we also have held that the worsening of a preexisting condition cannot be a separate condition from (and thus cannot combine with) the underlying preexisting condition to establish a legally cognizable combined condition. *Carrillo*, 310 Or App at 11-12 (collecting cases).

That line of cases establishes that two distinct conditions are required for a legally cognizable combined condition. Consequently, the board errs if it determines that the symptoms of a preexisting condition, the worsening of a preexisting condition, or an incident itself, as distinct from a new medical condition, combined with the preexisting condition to give rise to a combined condition within the meaning of ORS 656.005(7)(a)(B). *Carrillo*, 310 Or App at 11; *Interiano*, 315 Or App at 593-94; *Pedro v. SAIF*, 313 Or App 34, 38-39, 495 P3d 183 (2021).

Resisting this line of authority, employer argues that "nothing prevents the two merging components, new and old, from being a condition and a worsened condition." We do not read our case law to allow that approach. Even if it does, though, the board determined that the evidence was insufficient to "establish that claimant has sustained a pathological worsening of his preexisting osteoarthritis condition." Employer has not disputed that factual finding. Further, to the extent employer may be relying on ORS 656.225 to support its position, that statute is not relevant to a combined-condition analysis, which is what the board applied here to deny compensability. That statute does not

address combined conditions but, instead, makes compensable treatment "solely directed to a worker's preexisting condition" if a work event "constitute[s] the major contributing cause of a pathological worsening of the preexisting condition." *See Arms v. SAIF*, 268 Or App 761, 770-71, 343 P3d 659 (2015). Employer also cites ORS 656.802(2)(b), which addresses combined conditions in the context of occupational diseases, but that statute is also irrelevant to the question before us because, in adopting the ALJ's findings, the board rejected employer's contention that claimant's claim should be analyzed as an occupational disease, and employer has not cross-assigned error to that determination. Although employer's arguments raise questions about the ultimate compensability of claimant's exacerbated osteoarthritis, they do not lend support for the board's handling of the combined-condition issue in this case, which does not track our case law.

In the order at issue, the board correctly articulated the general requirements for a combined condition but failed to acknowledge and apply the limited definition of a medical condition for the combined-condition analysis. The ALJ referred only to claimant's "April 9, 2018, injury" as the condition that combined with his preexisting osteoarthritis to create a combined condition but did not identify a particular medical condition. *See Pedro*, 313 Or App at 38 (explaining that a combined condition involves the combining of two medical conditions). The board attempted to clarify what the second condition was, at various points characterizing it as (1) "the onset of symptoms due" to the work injury, (2) the thing "which hyperextended his knee, caus[ing] the rough surfaces of the underlying osteoarthritis to 'pop over one another,'" (3) "the work-related knee pain," and (4) "the work-related exacerbation."

As discussed above, none of those characterizations amount to a separate medical condition which could have combined with the preexisting osteoarthritis. Symptoms of a preexisting condition triggered by a workplace incident cannot constitute a medical condition separate from the preexisting condition. *Interiano*, 315 Or App at 594. The board does not identify hyperextension as an injury, and the

medical evidence does not allow for the conclusion that a hyperextension is a distinct medical condition, as distinct from the process that caused claimant's knee pain. Incidents are not separate medical conditions. *Brown*, 361 Or at 255-71. Exacerbation of a preexisting condition and worsening of a preexisting condition also are not separate medical conditions. *Carrillo*, 310 Or App at 12. As a result, to the extent that the board determined that claimant had a legally cognizable combined condition based on its findings that claimant's symptoms combined with the osteoarthritis, that the work incident exacerbated claimant's osteoarthritis, or that the hyperextension of claimant's knee combined with the osteoarthritis, the order reflects that the board applied an incorrect legal standard.

As for the board's finding that claimant's work-related knee pain, caused by his fall at work, in combination with the osteoarthritis resulted in a legally cognizable combined condition, we allow for the possibility that the work-related knee pain could constitute a separate medical condition, or correspond to one, as distinct from the symptoms of claimant's preexisting osteoarthritis. To the extent the board reached the conclusion that the knee pain was a separate medical condition, however, its order does not supply the reasoning for the conclusion that the knee pain is a separate medical condition as distinct from symptoms of a preexisting condition. Furthermore, to the extent the board reached the conclusion that the knee pain combined with the osteoarthritis, its order does not supply the reasoning for that conclusion, *i.e.*, how they combined. *Pedro*, 313 Or App at 39-40 (holding that the record did not provide evidence on how the new injury combined with the preexisting arthritis, precluding a finding of a combined condition). That lack of reasoning renders the correctness of those determinations insufficiently reviewable. For that reason, to the extent the board's order rests on a determination that the knee pain and the osteoarthritis resulted in a legally cognizable combined condition, it is not supported by substantial reason. *United Academics of OSU*, 315 Or App at 355-56 ("[W]hether an agency's ultimate conclusions from its findings of fact are supported by substantial reason turns on whether the agency's order supplies a rational connection between the

facts and the legal conclusions it draws from them such that the conclusions are sufficiently reviewable by an appellate court." (Internal quotation omitted.)).

Reversed and remanded.